# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2013

No. 12-50426
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIOR DEJAY GOODLEY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, Midland Odessa
USDC No. 7:11-CR-318-1

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Kior Dejay Goodley appeals his guilty plea conviction for conspiracy to possess with intent to distribute crack cocaine. He contends that there is an insufficient factual basis to support his guilty plea because he joined the conspiracy when he was a juvenile and the factual basis does not sufficiently establish a specific affirmative act that ratified his participation in the conspiracy after he reached the age of majority. *See United States v. Peters*, 283

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50426

F.3d 300, 309 (5th Cir. 2002) (stating that "[a] juvenile 'ratifies' his involvement in a conspiracy by continuing to participate in an ongoing conspiracy after his 18th birthday").

Because Goodley did not object to the sufficiency of the factual basis underlying his plea in the district court, review is for plain error only. *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Although the record supports Goodley's assertions that he joined the conspiracy when he was a juvenile, he was not a juvenile at the time he was indicted and the indictment to which he pleaded guilty charged him only for his participation in the conspiracy as an adult. Goodley cites no authority, and we have found none, requiring that the factual basis for a guilty plea establish adult ratification of participation in a conspiracy the defendant joined as a juvenile, where the defendant is indicted as an adult and the indictment charges participation in the conspiracy only as an adult. Accordingly, he has failed to establish a clear or obvious error.

AFFIRMED.